McCAHILL v. RUGGE et al.

(Supreme Court, Appellate Term. December 22, 1909.)

TOWAGE (§ 15*)—INJURY TO TOW—DAMAGES—SUFFICIENCY OF EVIDENCE.

In an action for injuries to a canal boat being towed by defendants' tug, evidence *held* insufficient to support the verdict as to damages.

[Ed. Note.—For other cases, see Towage, Cent. Dig. § 38; Dec. Dig. § 15.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Joseph F. McCahill against John Rugge and others. Judgment for plaintiff, and certain defendants appeal. Judgment reduced, and, as reduced, affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Wray & Callaghan, for appellants.

Kilroe & Swarts, for respondent.

LEHMAN, J. The plaintiff sues for injuries to a canal boat while being towed by a tug of the defendants Rugge and Hague. It appears undisputed that the canal boat was struck by a passing float of the New York, New Haven & Hartford Railroad Company. There is a conflict of testimony upon the questions whether or not the tug blew any warning whistle when it started to tow the canal boat into the river, and whether or not the towing line was properly attached to the canal boat. The jury found that the collision was due to the negligence of the appellants, and there is sufficient evidence to sustain its finding on this question, and also on the question of the plaintiff's ownership of the boat. The damages allowed were, however, excessive.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The trial justice charged the jury that it might find damages to the amount of $183 made up as follows: $44 for the cost of pumping; $50 for the usable value of the boat, at the rate of $5 per day during the 10 days required for repairs; $10 for survey or examination preliminary to the repairs; and $79 for the cost of the repairs. The verdict was subsequently reduced at the plaintiff's request to $173, probably because the bill for the repairs actually made at Palmer's dry dock shows that it included the cost of the survey. While the evidence as to the value of the repairs is not entirely satisfactory, it seems to me that there is sufficient evidence to sustain a verdict for $79 as the reasonable value of the repairs. The plaintiff also testified that he paid $44 for pumping, and that this is a reasonable charge therefor. He is, however, contradicted on this point by the bill which he has himself rendered on October 29, 1907, shortly after the collision, showing that the cost of pumping was only $17.60, and the damages allowed for pumping should be reduced to this sum.

The testimony also shows that the repairs required three days' time and that for seven days before that the plaintiff could find no vacant dry dock in Jersey City; but it does not appear that no vacant dry docks could have been found elsewhere, nor that the plaintiff was deprived of the use of the boat during these seven days. On the contrary, it does appear that the plaintiff was able after the collision to caulk up the seams so that the boat could proceed to Cartaret, N. J., its original destination, and it may well be that the plaintiff could have used the boat until such time as more permanent repairs could conveniently be made.

The judgment should therefore be reduced to $111.60, with costs and allowances in the court below, and, as so reduced, affirmed, without costs on this appeal. All concur.